UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE TRAMMELL,

          Plaintiff,

      v.

WELLS FARGO,

          Defendant.

Case No. 26-cv-03550-TSH

**ORDER SETTING DEADLINE FOR PLAINTIFF TO PAY FILING FEE AND VACATING CASE MANAGEMENT CONFERENCE**

## I.    INTRODUCTION

Plaintiff Stephanie Trammell initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). On May 4, 2026 the Court denied Plaintiff's application without prejudice and directed her to file a revised application or pay the $405 filing fee by May 18. ECF No. 7. Despite subsequent extensions (ECF Nos. 11, 16), Plaintiff has done neither. Accordingly, the Court **ORDERS** Plaintiff to pay the $405 filing fee by August 13, 2026. Failure to do so will likely result in this case being dismissed.

Pending receipt of the filing fee, the July 23, 2026 case management conference and related deadlines are **VACATED**.

## II.    BACKGROUND

Plaintiff filed this case on April 24, 2026. Based on the information provided in her in forma pauperis application, the Court denied the application, as it was unable to determine whether she qualifies to proceed without paying the filing fee. ECF No. 7. The Court noted several issues in the application:

United States District Court
Northern District of California

- Plaintiff states she is incarcerated at "Stephanie Trammell Revocable Trust." If Plaintiff is currently incarcerated, she must clearly state whether she is in custody and identify the name and location of the facility where she is housed.

- Plaintiff did not provide the name and address of her employer, but she states she earns $1,500 every two weeks. Plaintiff must either provide her employer's information or explain the source of this income.

- Plaintiff lists no monthly expenses (such as housing, utilities, food, transportation, or loan payments), but she also states that "all extra money after bills go straight to paying off $1,000,000 security agreement lien." Plaintiff must list all regular monthly expenses or explain why she has none.

- The application is not signed or dated.

*Id.* The Court directed Plaintiff to either "(1) file a revised application to proceed in forma pauperis with a new affidavit that is signed and dated and includes all required information, including clarification on these issues or (2) pay the $405 filing fee." *Id.* The Court set a deadline of May 18, 2026, and warned that "[i]f Plaintiff does not do so, this case may be dismissed without prejudice." *Id.*

On May 19, 2026, Plaintiff filed a "Trust Notice Response," stating that she could not pay the filing fee because "ALL EXTRA MONEY AFTER ALL BILLS GOES STRAIGHT TO PAYING OFF $1,000,000.00 SECURITY AGREEMENT LIEN." ECF No. 10. However, Plaintiff had already provided the same information in her in forma pauperis application, which the Court previously found inadequate. Accordingly, on May 29 the Court ordered Plaintiff to show cause by June 12, 2026, why this action should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 11.

Plaintiff did not respond to the order to show cause. Instead, on June 22, 2026, she filed a second "Trust Notice Response," again stating that she could not pay the filing fee because "ALL EXTRA MONEY AFTER ALL BILLS GOES STRAIGHT TO PAYING OFF $1,000,000.00 SECURITY AGREEMENT LIEN." ECF No. 15. Although Plaintiff did not respond to the show cause order, the Court vacated the show cause order based on the trust notice response. ECF No. 16. As it was still unable to determine whether Plaintiff qualifies to proceed in forma pauperis, the Court extended the deadline to July 6, 2026, for Plaintiff to file a revised application to proceed in

United States District Court
Northern District of California

forma pauperis or pay the $405 filing fee. *Id.* The Court again warned that failure to do so may result in dismissal of this action.

On June 29, 2026, Plaintiff filed a third "Trust Notice Response," again stating "ALL EXTRA MONEY AFTER ALL BILLS GOES STRAIGHT TO PAYING OFF $1,000,000.00 SECURITY AGREEMENT LIEN." ECF No. 17. To date, Plaintiff has neither filed a revised in forma pauperis application nor paid the $405 filing fee.

### III.   LEGAL STANDARD

A plaintiff instituting a civil action in federal court must ordinarily pay a filing fee. *See* 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), a federal court "must authorize the commencement" of a civil suit without prepayment of the filing fee if the plaintiff submits an affidavit which "includes a statement of all assets" and which shows that the plaintiff is "unable to pay such fees or give security therefor." Thus, the in forma pauperis statute permits an indigent party to litigate a civil action in federal court without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor[.]").

Because the statute does not itself define what constitutes insufficient assets to warrant in forma pauperis status, the determination of indigency falls with the Court's discretion. *See Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011); *Venable v. Meyers¸* 500 F.2d 1215, 1216 (9th Cir. 1974) (per curiam), *cert. denied*, 419 U.S. 1090 (1974) ("The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court.").

To qualify to proceed in forma pauperis, a litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The affidavit must also state that the person is unable to pay the fees or give security. 28 U.S.C. § 1915(a)(1). The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures."

3

*Williams*, 443 F. App'x at 233.  "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status."  *Escobedo*, 787 F.3d at 1235.  "One need not be absolutely destitute to obtain the benefits of the in forma pauperis statute."  *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  Nevertheless, a party "seeking [in forma pauperis] status must allege poverty 'with some particularity, definiteness[,] and certainty.'"  *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

## IV.    DISCUSSION

The Court previously denied Plaintiff's in forma pauperis application without prejudice because it was unable to determine whether she qualifies to proceed without paying the filing fee. ECF No. 7.  Despite being granted the opportunity to file a revised application, Plaintiff has instead filed the same "Trust Notice Response" three times, stating that "ALL EXTRA MONEY AFTER ALL BILLS GOES STRAIGHT TO PAYING OFF $1,000,000.00 SECURITY AGREEMENT LIEN."  ECF Nos. 10, 15, 17.  This does not satisfy the requirements to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a)(1); *Escobedo*, 787 F.3d at 1234; *Williams*, 443 F. App'x at 233.  Accordingly, Plaintiff must pay the $405 filing fee.

If Plaintiff fails to pay the filing fee, the undersigned will issue a report and recommendation for dismissal without prejudice with an order to reassign this case to a district judge.  That report and recommendation will inherently include the decision on her in forma pauperis application and thus will be subject to review by a district judge in connection with any dismissal being contemplated.  Accordingly, this order is not a final order on these issues, and thus consent to magistrate judge jurisdiction from all parties is not necessary at this time.  *Cf. Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988) (where there was no discussion of the potential for district judge review, finding "denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291") (citation omitted).  For these reasons, the undersigned has authority to issue the instant order.  *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (where there was district judge review of a magistrate judge's decision to deny an in forma pauperis application, the magistrate judge properly issued that

United States District Court
Northern District of California

decision in the first instance).

## V.     CONCLUSION

For the reasons stated above, the Court **ORDERS** Plaintiff to pay the $405 filing fee by August 13, 2026.  Instructions on how to make payment to the Clerk's Office are available on the Court's website at https://cand.uscourts.gov/rules-forms-fees/court-fee-schedule.  Failure to pay the filing fee by this deadline may result in dismissal of the above-entitled action without prejudice.

The Court also advises Plaintiff of the responsibility to serve the complaint and any amendments, scheduling orders, and attachments, in accordance with Federal Rule of Civil Procedure 4 and the Local Rules of this Court, as well as the undersigned's Standing Order for Civil Cases.  The Court hereby notifies Plaintiff that failure to serve the complaint and all other required documents, failure to timely file proofs of service of process, and failure to prosecute this action may result in adverse consequences, including but not limited to dismissal of this action with or without prejudice.

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: July 14, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

5